IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## LARRY D. TURNLEY, PRO SE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 95-B-111    J. Randall Wyatt, Judge**

**No. M2003-02153-CCA-R3-HC - Filed November 9, 2004**

The Petitioner, Larry D. Turnley, appeals the trial court's dismissal of his petition for the writ of habeas corpus, which was treated as a petition for post-conviction relief by the trial court. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner filed his petition outside the statute of limitations for post-conviction purposes. Moreover, the petitioner is incarcerated in a federal prison, and federal prisoners are specifically excluded from state habeas corpus relief. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Larry Turnley, pro se.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

This matter is before the court upon motion of the appellee, the State of Tennessee, to affirm the judgment in this case pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner is appealing the trial court's dismissal of his "Petition for Writ of Habeas Corpus Nunc Pro Tunc, to Vacate, Set Aside or Correct an Illegal Judgment." It appears that petitioner pled guilty to two counts of reckless aggravated assault in October 1995. The court is uncertain of the exact date because the petitioner failed to attach a copy of the judgment to his petition. The petitioner asserts in his petition that he entered a plea on October 18, 1995, and the court asserts in its order denying the petition that the petitioner pled guilty on October 19, 1995.

On July 28, 2003, petitioner filed the pleading titled Petition for Writ of Habeas Corpus Nunc Pro Tunc, to Vacate, Set Aside or Correct an Illegal Judgment. Basically, the petitioner argued that his plea was not knowingly and voluntarily entered and that his counsel was ineffective. The trial court treated the pleading as a petition for post-conviction relief and found that it was barred by the statute of limitations.

Petitioner's claims are not cognizable habeas corpus issues, but are appropriate considerations for post-conviction relief. Tennessee Code Annotated Section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year from final judgment. The appellant filed his petition well beyond the time allowed by the statute, and none of the enumerated exceptions to this time limit apply in this case. See Tenn. Code Ann. § 40-30-102(b). Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are explicitly set forth, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. See Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003 Repl.). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. See Tenn. Code Ann. § 40-30-106(g) (2003 Repl.). Thus, no grounds exist as an exception to the statute of limitations. The petitioner's judgment became final in October 1999, and he did not file his pleading until October 20, 2003. The petition is barred by the statute of limitations.

As this court has previously stated, petitioner's claims are not cognizable habeas corpus claims. Moreover, petitioner is not be entitled to habeas corpus relief as he is incarcerated in a federal prison, and federal prisoners are specifically excluded from habeas corpus relief. See Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998) citing Tenn. Code Ann. Sec. 29-21-101 as follows: "Any person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Because the petitioner is held in a federal prison, he is not entitled to state habeas corpus relief.

Based on the foregoing, the state's motion is hereby granted. The judgment is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Because it appears the appellant is indigent, costs are taxed to the state.

_____
ROBERT W. WEDEMEYER, JUDGE